## JOB SMITH, Administrator, v. JAMES NEWBOLD.

Supreme Court.   October, 1794.

*Wilson's Red Book, 28.*

PER CURIAM.   READ, C. J.   This practice is peculiar to this country, and, in consequence of a regulation of the court that the parties may be prepared, these notices supply the place of pleadings.   Blanks are often left in pleas—the rule to fill up blanks is adopted to prevent the trouble of demurrer, which would generally be followed by an amendment.   This notice ought to be filed, for it is an information to the court also, but the party shall also serve it.   A party is confined to his notice and will be restrained at the trial from going beyond it.   A time in this case is necessary and must appear to be before the time in

the Act. But plaintiff has dispensed with the advantage he had over the blanks, and cannot now object to the witness on that account, that is as to the matter of defense mentioned in this notice.

The witness was sworn, but could not tell the exact time a payment was proved into the treasury; the Court, although a fair tender was proved, and within the time mentioned in the Act, gave a charge in favor of the plaintiff, and the jury found their verdict so.

*Miller, Ridgely* and *Wilson* for plaintiff.

*Peery* and *Bayard* for defendant.